UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ROBERT MCDONELL,<br><br>Plaintiff,<br><br>v.<br><br>AVERY MOORE, *et al.*,<br><br>Defendants. | Case No. 3:25-cv-05676-TMC<br><br>ORDER ON MOTION FOR PARTIAL SUMMARY JUDGMENT |

## I. INTRODUCTION AND BACKGROUND

On July 3, 2023, Plaintiff Robert McDonell was arrested by Sergeant Angela Hayes of Tacoma Police Department. Dkt. 9 ¶ 3.123. McDonell alleges the arrest was in retaliation for his protected activities related to working as a journalist and open carrying a firearm at the time of the encounter. *Id*. ¶¶ 4.1–4.30. Relevant to this motion, McDonell challenges the actions of Hayes and Deputy City Attorney Keith Echterling, who provided legal advice to Hayes over the phone during the encounter. *Id*. ¶¶ 1.4, 3.102–03.

On July 2, 2025, one day before the two-year statute of limitations deadline for intentional torts, McDonell presented a tort claim form to the City of Tacoma (the City) as required by RCW 4.96.020. *Id*. ¶ 2.4. Washington law requires a 60-day waiting period between

*presenting* a tort claim form to the City's agent and *filing* the claims in court. RCW 4.96.020(4). The start of this waiting period effectively tolls the statute of limitations for 65 days. *Id.*

On the same day he presented his tort claim form, McDonell filed this lawsuit in Pierce County Superior Court. Dkt. 3 at 6. McDonell's claims challenging the arrest were brought under 42 U.S.C. § 1983 and Washington law. Dkt. 1-1, Dkt. 9. The state claims included false arrest and assault and battery. Dkt. 1-1 at 19, 21; Dkt. 9 at 20–21. On July 31, the City removed the case to federal court. Dkt. 1.

On October 8, 2025 McDonell amended his complaint to add a negligence claim against the City. Dkt. 9 at 22–24. McDonell also sought to alternatively hold the City vicariously liable for the intentional tort claims against Hayes and Echterling. *Id.* ¶¶ 4.72, 4.82.

The City now moves for partial summary judgment challenging three of McDonell's state-law claims: false arrest, assault and battery, and negligent training and supervision. Dkt. 15. The City argues that the false arrest and assault and battery claims must be dismissed because McDonell violated RCW 4.96.020's 60-day waiting period requirement by notifying the City and filing his lawsuit on the same day. *Id.* at 6–9. The City asserts that the negligent training and supervision claim must be dismissed because Hayes and Echterling were acting within the scope of employment. *Id.* at 9–10. Additionally, the City avers that McDonell is making both a general negligence claim and a separate negligent training and supervision claim which cannot be maintained together. *Id.* at 11. McDonell opposes this motion, claiming that Hayes and Echterling were acting outside their scope of employment. Dkt. 28.

The Court GRANTS the motion on the false arrest and assault and battery claims. McDonell did not comply with RCW 4.96.020's 60-day waiting period requirement when filing the intentional tort claims against Hayes and Echterling. The Court DENIES the motion on the negligent training and supervision claim. Although McDonell titles his negligent training and

supervision claim section "Negligence," he does not appear to make a separate general negligence claim against the City. Dkt. 9 at 22–24. Additionally, the Washington Supreme Court's recent *Earl v. Campbell* decision instructs that direct liability theories, such as negligent training and supervision, are "not restrict[ed] . . . to scenarios where an employee was acting outside the scope of employment." 596 P.3d 221, 227 (2026).

## II. JURISDICTION

The Court has federal question jurisdiction over this matter because McDonell's complaint contains claims that "aris[e] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331; *see* Dkt. 9 at 13, 17, 19 (alleging constitutional claims under 42 U.S.C. § 1983). The Court has supplemental jurisdiction because the state claims stem from the same set of facts as the constitutional claims. 28 U.S.C. § 1367(a); *GN Netcom, Inc. v. Plantronics, Inc.* 930 F.3d 76, 82 (3d Cir. 2019).

## III. LEGAL STANDARDS

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute as to a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The moving party has the initial burden of showing the district court "that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the moving party meets its initial burden, the non-moving party must go beyond the pleadings and "set forth specific facts showing that there is a genuine issue for trial." *Zellmer v. Meta Platforms, Inc.*, 104 F.4th 1117, 1122 (9th Cir. 2024) (quoting *Anderson*, 477 U.S. at 256).

The evidence relied upon by either party must be able to be "presented in a form that would be admissible in evidence." See Fed. R. Civ. P. 56(c)(2). "An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4); *see also* Fed. R. Evid. 602 ("A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Evidence to prove personal knowledge may consist of the witness's own testimony.").

Conclusory, nonspecific statements in affidavits are not sufficient, and missing facts will not be presumed. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 889 (1990). But "the evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." *Tolan v. Cotton*, 572 U.S. 650, 651 (2014) (per curiam) (quoting *Anderson*, 477 U.S. at 255).

## IV. DISCUSSION

### A. McDonell did not comply with RCW 4.96.020 when he filed his intentional tort claims.

When individuals alleging tortious conduct seek damages against a local government or its employees, RCW 4.96.020(2) requires them to first present their claim for damages to the government's designated agent. RCW 4.96.020(4) then prohibits such individuals from filing a lawsuit containing those claims until 60 calendar days have passed from presentment. The statute of limitations is tolled during the 60-day waiting period, and the statute then provides a grace period of five court days to timely file a lawsuit. RCW 4.96.020(4). Substantial compliance with the procedural requirements of this section is acceptable. *Id.* § (5).

The City moves for partial summary judgment to dismiss McDonell's intentional tort claims (false arrest and assault and battery), asserting that McDonell violated the 60-day waiting

requirement by presenting the claim notification to the City's agent and filing the claim on the same day. Dkt. 15 at 8–9. McDonell responds that the pre-suit filing requirement was inapplicable because Hayes and Echterling were not acting within their employment capacity at the time of the incident. Dkt. 28 at 10–11. Alternatively, McDonell asserts that any statutory deficiency was cured when he amended his claim in October 2025. *Id*. at 15. He also asserts that the pre-suit notice statute violates the separation of powers and that the City waived such a defense when it removed the case to federal court. *Id*. at 14–16.

The Court concludes that McDonell did not substantially comply with RCW 4.96.020's 60-day waiting requirement. An individual substantially complies with a statute when its purpose is satisfied. *Lee v. Metro Parks Tacoma*, 183 Wn. App. 961, 967–68, 335 P.3d 1014 (2014). The purpose of the pre-suit notification is to give the City time to investigate, evaluate, and settle the claim. *Id*. Here, by filing the claim the same day as notifying the City of his intent to bring suit, McDonell did not allow the City time to investigate, evaluate, or settle the claims.

An amended complaint relates back to the date of the original complaint when it asserts a claim that stemmed from the same set of facts in the original pleading and the law that provides the applicable statute of limitations allows relation back. Fed. R. Civ. P. 15(c)(1). This rule does not excuse McDonell's failure to comply with the tort claim statute. By amending his complaint on October 8, 2025 (Dkt. 9), McDonell did not cure the statutory deficiency. The state-law claims in his original complaint were barred because he failed to comply with the waiting period. To cure the same day filing defect, McDonell needed to dismiss those claims and refile between September 1 (when the 60-day waiting period ended) and Monday, September 8 (the last day of the tolling period). *See* Dkt. 15 at 8. By the time McDonell amended his complaint in October, the grace period provided by the statute had elapsed and the two-year statute of limitations had run.

McDonell's other arguments are similarly unpersuasive. RCW 4.96.020(2) requires pre-suit notice when an individual intends to bring a claim against a local government employee who was acting within the scope of employment at the time of the alleged tortious conduct. *Hanson v. Carmona*, 1 Wn.3d 362, 373, 525 P.3d 940, 946 (2023). While scope of employment can be a jury question, *see Rahman v. State*, 170 Wn.2d 810, 816, 246 P.3d 182, 184 (2011) (superseded by statute on other grounds), here the question is simply whether McDonell's claims alleged that the City's employees were acting within the scope. Washington courts consider whether an employee was fulfilling their job duties at the time of the incident or acting based on personal gratification. *Robel v. Roundup Corp.*, 148 Wn.2d 35, 53–54, 59 P.3d 611, 621 (2002). Claiming abuse or excessive exercise of authority does not establish that employees were acting outside their scope of employment. *Kuehn v. White*, 24 Wn. App. 274, 278, 600 P.2d 679, 682 (1979).

Here, McDonell himself alleges that Hayes and Echterling were acting within the scope of their employment. Dkt. 9 ¶ 4.88 ("Defendant City of Tacoma employees Hayes and Echterling, acting within the course and scope of their employment, fabricated reports to justify the detention, arrest, and charging of McDonell without reasonable suspicion or probable cause."). McDonell states that Hayes and Echterling were acting under color of law and that Hayes was in uniform. *Id.* ¶¶ 4.9–4.10. He refers to a police report relating to the incident. *Id.* ¶ 3.94. He states that Hayes was in communication with a 911 dispatcher and a city attorney (Echterling) during the encounter. *Id.* ¶¶ 3.102–107. He states that Hayes arrested him and the other officers at the scene "took McDonell to the jail and booked him." *Id.* ¶¶ 3.123–3.124. McDonell's claim that Hayes and Echterling were abusing their authority (Dkt. 9 ¶¶ 4.9–4.10) is insufficient to allege they were acting outside the scope of their employment. *Kuehn*, 24 Wn. App. at 278 (act falls within scope when committed for purposes of employer and related to

nature of employment). Because McDonell's claims alleged acts within the scope of employment, the tort-claim statute and its filing requirements applied to his state-law claims.

McDonell's argument about the separation of powers is not well developed or supported by authority. The Washington Supreme Court rejected a separation of powers challenge to the statute in *Hanson*, holding that "the legislature has the power to decide conditions precedent to suing the State under article II, section 26 of the Washington Constitution." 1 Wn.3d at 391. McDonell's brief acknowledges this authority but does not persuasively distinguish it. *See* Dkt. 28 at 15. Federal courts have also routinely enforced the statute. *See, e.g.*, *Minnis v. State of Wash.*, 675 F. App'x 728, 729–30 (9th Cir. 2017) ("The district court properly dismissed Minnis's state law claims because she did not comply with state statutory procedure."); *Rindal v. Inslee*, No. 2:24-CV-00890-TL, 2024 WL 4950152, at *8 (W.D. Wash. Dec. 3, 2024) ("If a plaintiff fails to comply with these claim-filing requirements, then dismissal of the complaint is proper.").

Nor does a defendant waive state-law defenses by removing a case containing state claims to federal court. The cases cited by McDonell concern only waiver of Eleventh Amendment immunity, which is not at issue here. *See Embury v. King*, 361 F.3d 562 (9th Cir. 2004).

**B. McDonell's negligent training and supervision claim is not barred by his allegations about scope of employment.**

The City also moves for partial summary judgment on the negligent training and supervision claim. Dkt. 15 at 9–11. Relying on state law cases, the City asserts that a negligent training and supervision claim cannot be maintained when the employees at issue were acting within the scope of their employment. *Id*. The City reasons that Hayes and Echterling were acting within the scope of their employment during the incident and that the claim is duplicative

of a vicarious liability negligence claim. *Id*. McDonell disputes that Hayes and Echterling were acting within the scope of employment. Dkt. 28 at 17.

Construing the allegations in McDonell's favor, it does not appear that McDonell is seeking to hold the City vicariously liable for any negligent acts committed by Hayes and Echterling. Dkt. 9 at 22–24. Instead, McDonell is seeking to hold the City vicariously liable for the alleged intentional torts of its employees, *id*. ¶¶ 4.72, 4.82, and directly liable for its own negligent actions. McDonell's negligence claim against the City focuses on his assertion that the City was negligent in training and supervising Hayes and Echterling. *Id*. at 22–24. This is not duplicative.

Regarding the scope of employment issue, the cases the City relies on are no longer persuasive in light of intervening Washington Supreme Court precedent. *See Earl*, 596 P.3d at 228. In *Earl*, the Washington Supreme Court held that "the scope of employment does not limit an employer's direct liability where the employer breaches its duty to protect others from foreseeable harm caused by its employees." *Id.* at 226. Negligent training and supervision are direct liability theories. *See id*.

The Court DENIES summary judgment on McDonell's negligence claim.

## V. CONCLUSION

The Court GRANTS IN PART and DENIES IN PART the Defendants' motion for partial summary judgment (Dkt. 15). The false arrest and assault and battery claims are DISMISSED WITH PREJUDICE.

Dated this 27th day of October, 2026.

Tiffany M. Cartwright
United States District Judge